105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert LANE, Plaintiff-Appellee,
v.
NATIONAL AIRMOTIVE CORP., Defendant,
and
Ministry of Defense, State of Israel Defendant-Appellant.
 No. 95-16968.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided Jan. 3, 1997.
 
 Before: RONEY,* BEEZER and TROTT, Circuit Judges.
 MEMORANDUM**
 The Ministry of Defense of the State of Israel ("Israel") appeals the district court's denial of its motion to dismiss based on lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq. We have jurisdiction pursuant to the collateral order doctrine, and we reverse.
 * Plaintiff-Appellee Robert Lane sued his employer, National Airmotive Corporation ("NAC"), and Israel in what is essentially a wrongful termination suit. Lane worked for NAC from January, 1982 until he was fired in August, 1993. His primary responsibilities were related to NAC's military supply contracts with Israel. As a result of a Department of Justice investigation of the contractual relationship between NAC and Israel, NAC and the Department of Justice signed a series of plea agreements pursuant to which NAC paid both criminal and civil fines.
 
 
 1
 According to Lane, a subsequent NAC internal investigation cleared him of any responsibility for the wrongdoing with respect to the contract with Israel. Nonetheless, Lane was placed on administrative leave in June, 1993 and then terminated in August of that year because of his "involvement in various unlawful acts relating to the Government of Israel contract and [his] commission of other improper acts, such as [his] unauthorized removal of a sensitive document from the company's premises."
 
 
 2
 In his wrongful termination action against NAC, Lane included three claims against Israel, invoking federal subject matter jurisdiction under the FSIA. Lane's claims against Israel consist of: (1) a request for declaratory relief stating the rights and duties between the parties; (2) a request for damages for loss of property (his job) caused by tortious acts on the part of the government of Israel; and (3) a third party beneficiary breach of contract claim.
 
 
 3
 Israel moved to dismiss based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). The district court denied the 12(b)(1) motion and refused to rule on Israel's accompanying 12(b)(6) motion. Israel timely appealed the district court's order.
 
 II
 
 4
 Under the collateral order doctrine, this court has jurisdiction to hear the appeal from the district court's denial of Israel's motion to dismiss based on lack of subject matter jurisdiction. Schoenberg v. Exportadora de SAL, 930 F.2d 777, 779 (9th Cir.1991). Interlocutory orders are appealable when they "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and are effectively unreviewable on appeal from final judgment." Compania Mexicana de Aviacion, S.A. v. United States District Court, 859 F.2d 1354, 1358 (9th Cir.1988) (citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47 (1949)). Because the district court's refusal to grant immunity satisfies all three of these requirements, it is an appealable interlocutory order. Id.
 
 
 5
 Jurisdiction to review collateral orders, however, does not confer pendent appellate jurisdiction. See Todd v. United States, 849 F.2d 365, 368 (9th Cir.1988) (appeal of the denial of qualified immunity is limited to the question of immunity); United States v. Yellow Freight Sys., Inc., 637 F.2d 1248, 1251 (9th Cir.), cert. denied, 454 U.S. 815 (1981) ("[I]mmediate appealability of one of the defendants' claims will not confer pendent appellate jurisdiction over defendants' other claims."). Contrary to Israel's assertion, we do not have jurisdiction to review the sufficiency of plaintiff's claim.
 
 III
 
 6
 The FSIA provides the exclusive basis for federal jurisdiction over suits involving foreign sovereigns. Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995). We review de novo the existence of subject matter jurisdiction under the FSIA. Id.
 
 
 7
 The FSIA creates a presumption of immunity, and federal jurisdiction does not attach unless one of the statutory exceptions applies. Randolph v. Budget Rent-A-Car, 97 F.3d 319, 324 (9th Cir.1996). If a plaintiff puts forth evidence that an exception to the FSIA applies, the defendant bears the burden of proving that the exception does not apply. Id.; Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 707-08 (9th Cir.1992), cert. denied, 507 U.S. 1017 (1993).
 
 
 8
 The parties agree that Israel is a foreign sovereign. Israel is therefore immune from suit unless one of the exceptions applies. Lane contends that two of the exceptions to the FSIA, the commercial activity exception and the noncommercial tort exception, apply to his claim against Israel. 28 U.S.C. § 1605(a)(2), (5).
 
 
 9
 * The commercial activity exception reads in relevant part: "A foreign state shall not be immune from the jurisdiction of courts of the United States or of the states in any case ... in which the action is based upon a commercial activity carried on in the United States by the foreign state...." 28 U.S.C. § 1605(a)(2).
 
 
 10
 Lane contends that his claims against Israel are based upon commercial activity: the military supply contracts between NAC and the State of Israel. Although military supply contracts are considered commercial, Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 614-15 (1992); Joseph v. Office of the Consulate Gen. of Nigeria, 830 F.2d 1018, 1023 (9th Cir.1987), cert. denied, 485 U.S. 905 (1988), the question raised by Israel's appeal is whether Lane's claim is "based upon" the contracts for the purposes of the FSIA.
 
 
 11
 The Supreme Court held in Saudi Arabia v. Nelson, 507 U.S. 349 (1993), that in order for jurisdiction to attach, the particular allegations of a complaint must be based on specific commercial activity by the foreign sovereign defendant. Id. at 358. The injuries alleged or the elements of the claim must have "more than a mere connection with, or relation to, commercial activity." Id. In Saudi Arabia v. Nelson, the commercial activity cited by the plaintiffs consisted of recruitment and hiring of medical personnel by the Saudi government. The crux of the complaint, however, was the torture and punishment inflicted on the plaintiff by Saudi officials. The Supreme Court held that the commercial activity was not sufficiently related to the injuries alleged in the complaint to confer jurisdiction under the FSIA. Id. In short, there must be a nexus between "the defendant's commercial activity in the United States and the plaintiff's grievance." America West Airlines, Inc. v. GPA Group, Ltd., 877 F.2d 793, 796 (9th Cir.1989).
 
 
 12
 Lane's claims are, in essence, wrongful termination claims against NAC. These claims are not based upon any commercial activity between Lane and Israel. There was, in fact, no commercial relationship between Lane and Israel. Lane had an employment relationship with NAC; NAC had a contract and a commercial relationship with Israel. Just as in Saudi Arabia v. Nelson, the injuries alleged in the complaint are not more than "merely related" to the commercial activity of the foreign sovereign. Lane's grievance arises from his termination by NAC and out of his employment relationship with NAC. His claims are based not upon Israel's commercial conduct in the United States but upon actions taken by NAC. The commercial activity exception does not apply to Lane's claims against Israel.
 
 B
 
 13
 Lane also contends that the noncommercial tort exception of the FSIA, 28 U.S.C. § 1605(a)(5), applies to his complaint against Israel. Section 1605(a)(5) provides that a foreign state is not immune from suit when "money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state." An exception to this withholding of immunity states that foreign sovereigns retain immunity for noncommercial torts "arising out of interference with contract rights." Id. § 1605(a)(5)(B).
 
 
 14
 Lane contends that his loss of property claim subjects Israel to suit under the noncommercial tort exception. This exception does not apply to Lane's action. Rather, Lane's claim is properly analyzed under the commercial activity exception, section 1605(a)(2). However, even if Lane's action is characterized as a noncommercial tort claim, Israel retains immunity under section 1605(a)(5)(B). Lane's loss of property claim could only arise from the third party beneficiary claim, and this is essentially a claim arising out of interference with contract rights. The exception to the noncommercial tort exception therefore preserves immunity for Israel. § 1605(a)(5)(B).
 
 IV
 
 15
 Lane's complaint is not "based on" commercial activity for the purposes of the FSIA, and any noncommercial tort alleged in the complaint arises out of interference with contract rights. We therefore reverse the decision of the district court and direct the district court to dismiss the complaint against Israel.
 
 
 16
 REVERSED.
 
 
 
 *
 The Honorable, Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3